IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEFFREY SCOTT REID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:05-cv-679-MJR |
| | ) | |
| THOMAS BOYD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on a discovery dispute between the parties. A telephonic discovery dispute conference was held on December 14, 2005. William Kopis appeared for the plaintiff. Chuck Pierce appeared for the defendants. The Court took the matter under submission and on December 15, 2005 directed the defendants to submit a brief as to why the plaintiff must answer defendants' interrogatory #3 (whether the plaintiff has ever been arrested and the date, charge, place and arresting agency and the disposition of the charge) by December 23, 2005. The plaintiff was given until January 9, 2006 to file a reply. The Court has reviewed the briefs and rules as follows:

Federal Rule of Civil Procedure 26(b)(1) states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The question then becomes whether the information sought by the defendants in this case is relevant and likely to lead to the discovery of evidence that is admissible. See Bruggeman v.

Blagojevich, 219 F.R.D. 430, 432 (N.D. Ill. 2004).  Defendants seek the answers to interrogatory #3 as they will attempt to establish habit under Federal Rule of Evidence 406. "The burden is on the party objecting to the discovery request to show why such discovery is improper." Id.  Plaintiff has not met his burden of showing why such discovery is improper.[1] Therefore, this Court **ORDERS** that the plaintiff shall answer defendants' interrogatory #3 by February 6, 2006.

**DATED: January 18, 2006.**

> **s/ Donald G. Wilkerson**
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**

---

[1] Plaintiff and defendants have cited to numerous cases where court's have ruled on the admissibility of prior arrests, convictions, and habit in civil cases.  By the ruling today, this Court does not decide or infer whether any arrests of the plaintiff would be admissible in a trial on the merits.  That decision will be determined by the trial court.