IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEFFREY SCOTT REID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:05-cv-679-MJR |
| | ) | |
| THOMAS BOYD, KEVIN MCGINNIS, | ) | |
| BRIAN STEPHENS, BRUCE | ) | |
| FLESHREN and the CITY OF | ) | |
| MASCOUTAH, ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This matter is before the Court following a telephonic discovery dispute conference held on February 10, 2006. The dispute centered around whether the Plaintiff could compel the production of withheld portions of the personnel files of Defendants McGinnis and Boyd. The disputed documents were presented to the Court for an in-camera inspection on February 13, 2006.

Federal Rule of Civil Procedure 26(b)(1) provides for discovery regarding any non-privileged matter which "appears reasonably calculated to lead to the discovery of admissible evidence." Further, the Illinois Personnel Record Review Act provides "An employer or former employer shall not divulge a disciplinary report, letter of reprimand, or other disciplinary action to a third party, to a party who is not a part of the employer's organization…without written notice." 820 Ill. Comp. Stat. 40/7(1). This Section does not prohibit disclosure. It notes that full disclosure requires written notification to the effected parties. Moreover, the Act disposes of the written notice requirement when disclosure is ordered to a party in a legal action. 820 Ill. Comp. Stat. 40/7(3)(b).

The Court has examined the disputed documents. As to Defendant Boyd, none of the documents presented for the in-camera inspection need be disclosed as they do not appear reasonably calculated to lead to the discovery of admissible evidence (Bates-labeled documents 11-41). The information contained therein would not be reasonably connected to any of the claims brought forth by Plaintiff. As to Defendant McGinnis, Defendant is required to produce only Bates-labeled documents 1 and 9. While the connection to any claim here is tenuous at best, the Court finds that these documents could be reasonably calculated to lead to the discovery of admissible evidence. The documents shall be produced by March 1, 2006.

**DATED: February 22, 2006.**

**s/Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**