**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JEFFREY SCOTT REID,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 05-cv-0679-MJR** |
| | ) | |
| **THOMAS BOYD,** | ) | |
| **KEVIN MCGINNIS and** | ) | |
| **BRIAN STEPHENS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER AND  MEMORANDUM**

**REAGAN, District Judge:**

This order addresses bills of costs filed by both sides under **FEDERAL RULE OF CIVIL PROCEDURE 54(d)** which authorizes federal district courts to award costs (as well as attorneys' fees in appropriate cases) to prevailing parties in lawsuits. *See* **FED. R. CIV. P. 54(d)**.  Plaintiff's claim for attorneys fees (Doc. 67) will be addressed in a subsequent order**.**

## I.    Background and Introduction

On September 22, 2005, Plaintiff Jeffrey Reid filed his complaint naming as Defendants Thomas Boyd, Kevin McGinnis, Brian Stephens, Bruce Fleshren and the City of Mascoutah, Illinois.  (Doc. 1).

This case arises under **42 U.S.C. § 1983**.  Plaintiff contended that Defendant officers used excessive force in arresting him on February 7, 2005.  He alleged that his substantive due process rights under Amendments V and XIV of the U.S. Constitution were violated (Counts I and III), that he was unlawfully seized in violation of Amendment IV of the U.S. Constitution (Counts

1

II and IV) and that he was subjected to cruel and unusual punishment in violation of Amendment VIII of the U.S. Constitution (Counts V and IX).   He also stated common law claims for false imprisonment (Count VI), battery (Count VII) and intentional infliction of emotional distress (Count VIII).   Officers Boyd, McGinnis, and Stephens were the actual arresting officers.   Reid proposed to hold Police Chief Fleshren and the City of Mascoutah vicariously liable for the alleged actions of the arresting officers (Counts III and IV).

On June 12, 2006,   Counts II, IV, V, VI and IX were dismissed with prejudice on Defendants' motion.  (Doc. 25).   Then, on October 4, 2006, the Court granted Defendants' motion for summary judgment as to the City of Mascoutah and Chief of Police Bruce Fleshren (Count III). (Doc. 36).  Plaintiff voluntarily dismissed Counts VII and VIII on October 26, 2006, leaving Count I as the only viable remaining theory.  (Doc. 46).

The case proceeded to trial on November 27, 2006, on Plaintiff's sole remaining legal theory - excessive force - against Defendants Boyd, McGinnis and Stephens. Two days later, the jury returned a verdict in favor of Plaintiff against Thomas Boyd in the sum of $820 while Defendants Kevin McGinnis and Brian Stephens prevailed.

Plaintiff seeks costs totaling $2100.31 (Doc. 68) against Defendant Boyd,  to which Defendant objects (Doc. 69).  Defendants McGinnis, Stephens, Fleshren and the City of Mascoutah seek costs totaling $1972.87 against Plaintiff (Doc. 66), to which Plaintiff objects (Doc. 72). Plaintiff claims he is a prevailing party under **FED. R. CIV. P. 54(d)** because a jury found in his favor, awarding him $820.00 against Defendant Boyd.  Defendants McGinnis, Stephens, Fleshren and the City of Mascoutah claim that they are prevailing parties under **FED. R. CIV. P. 54(d)** because they either succeeded in obtaining summary judgment (see Doc. 36, 10/4/06 Order granting

summary judgment to Defendant City of Mascoutah and Chief of Police Bruce Fleshren) or were successful at trial ( see Doc. 60, jury verdict in favor of Defendants Kevin McGinnis and Brian Stephens).

## II.   Applicable Standards

A prevailing party is a litigant who "wins the battle" on a "substantial part of the litigation." *Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir.), *cert. denied*, 527 U.S. 1005 (1999); *First Commodities Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985). Defendants prevail by defeating a claim against them. *See Perlman v. Zell*, 185 F.3d 850, 858-59 (7th Cir. 1999).

In relevant part, FEDERAL RULE OF CIVIL PROCEDURE 54 provides:

> **(d)(1) Costs Other than Attorneys' Fees.** Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . .

FED. R. CIV. P. 54(d)(1).

This rule has been interpreted to create a strong presumption that a prevailing party shall recover costs, with broad discretion given to district courts in deciding the extent of such costs. *Weeks v. Samsung Heavy Industries Company, Ltd.*, 126 F.3d 926, 944 (7th Cir. 1997). "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly defined – the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945, *citing Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988). "Generally, only misconduct by the prevailing party worthy of penalty or the losing party's inability to pay will

suffice to justify denying costs. ***Weeks*, 126 F.3d at 945,** *citing id.* The district court may exercise its discretion to deny costs, although it should state its reason for such disallowance. ***Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 453 (7th Cir. 1998);** ***Gardner v. Southern Railway Systems*, 675 F.2d 949, 954 (7th Cir. 1982).**

Costs do not include *all* litigation expenses. Rather, costs are particular statutorily-defined categories of incurred charges worthy of reimbursement. ***Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987);** ***Hairline Creations, Inc. v. Kefalas*, 664 F.2d 652, 655 (7th Cir. 1981).**

**28 U.S.C. § 1920** sets forth the categories of expenses which properly may be taxed, including:

| | |
|---|---|
| **(1)** | Fees of the Clerk and Marshal; |
| **(2)** | Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; |
| **(3)** | Fees and disbursements for printing and witnesses; |
| **(4)** | Fees for exemplification and copies of papers necessarily obtained for use in the case; |
| **(5)** | Docket fees under Section 1923 of this Title; |
| **(6)** | Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of this Title. |

**28 U.S.C. § 1821** spells out the precise amounts recoverable by witnesses ($40 per day for each day's attendance fees plus certain travel expenses). Expenses not on the statutory list must be borne by the party incurring them. ***Collins v. Gorman*, 96 F.3d 1057, 1058 (7th Cir. 1998).**[1]

---

[1] Another statute, **28 U.S.C. § 1924**, requires that the party filing a bill of costs verify the claimed items by attaching an affidavit attesting that each such item is correct and has been necessarily incurred in the case.

4

As to deposition fees, the proper inquiry is "whether the deposition was 'reasonably necessary' at the time it was taken, not whether it was used in a motion or in court." ***Cengr*, 135 F.3d at 454.**  Similarly, as to witness fees, actual testimony at trial is not necessary for fees to be recovered.  Witness fees compensate witnesses for their *availability* to testify, not their physical presence or actual testimony at trial. ***See Spanish Action Comm. of Chicago v. City of Chicago*, 811 F.2d 1129, 1138 (7th Cir. 1987)(finding that trial court erred in concluding that physical presence in the courtroom was needed to award witness fees as costs).  *See also Hurtado v. United States*, 410 U.S. 578, 584-85 (1973)(28 U.S.C. § 1821 allows recovery of fees for witnesses who were summoned and ready to testify, but whose physical presence was not needed); *Haroco, Inc. v. American Nat'l Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1442 (7th Cir. 1994)(costs may be awarded for fees paid to witnesses who were subpoenaed for deposition but not actually deposed).**

### III.   Analysis

In the instant case, Plaintiff's complaint sought recovery against four individuals and the City of Mascoutah on various legal theories, which when parsed, total 28 claims.  At the end of the day, after motions to dismiss, summary judgment, voluntary dismissal and the jury verdict, the defense prevailed on twenty-seven of the claims while Plaintiff prevailed on one.  Plaintiff prevailed against Boyd while Defendants McGinnis, Stephens, Fleshren and the City of Mascoutah prevailed against Plaintiff.  **Fed. R. Civ. P. 54(d)**

Plaintiff has filed an  affidavit claiming inability to pay costs. (Doc.78). This Court has discretion to deny costs to a prevailing party against an unsuccessful litigant who is indigent or

incapable of paying costs. ***Rivera v. City of Chicago,*** **469 F. 3d 631, 636 (7ᵗʰ Cir. 2006);** ***Badillo v. Central Steel & Wire Co.,*** **717 F. 2d 1160, 1165 (7ᵗʰ Cir. 1983)**. In order for a court to make such a finding, however, the burden rests upon the Plaintiff to provide the court with sufficient documentation to support a finding that he is incapable of paying court-imposed costs at the current time or some time in the future. ***McGill v. Faulkner,*** **18 F. 3d 456,459 (7ᵗʰ Cir. 1994)**.

In the instant case, Plaintiff has offered evidence of his indigence and inability to pay costs in full. He omits the fact that his verdict of $820.00 could be used to offset the costs Defendants seek. Even without being required to pay costs he is left with nothing more than a pyrrhic victory because his own costs are more than double his win. Plaintiff, in addition to claiming non-responsibility for costs due to indigence, takes issue with some specific costs Defendants request. There is no need for the Court to "get into the weeds" on this issue and dissect the bill of costs for accuracy or appropriateness.[2]

Unsurprisingly, Defendants take issue with Plaintiff's bill of costs, which they admit are "within the realm of recoverable costs" but contend ought not be awarded on such a technical victory where both sides prevailed..

To a limited extent, each side can control its own costs. Neither side seeks an exorbitant amount, and each side's claimed recoverable costs are within $130.00 of each other. It makes little sense to grant plaintiff his costs and defendants their costs when the ultimate result, after offsets, is a transfer of less than $130.00. The Court cannot, given the submissions of the parties, allocate the costs each side claims were expended in pursuit of their victories. For example, each side seeks reimbursement for the cost of Chief Fleshren's deposition. Although Fleshren prevailed

---

[2]Unfortunately, the Court, after trial, frequently is required to decide line-item by line-item the appropriateness of claimed specific costs.

in the claim against him - and, therefore, ought to recoup the costs of the deposition, it is just as reasonable to assume that portions of that same deposition helped the Plaintiff prevail in his case against Boyd So the Court declares, as in football, offsetting penalties and declines to award costs to either side.

### IV.   <u>Conclusion</u>

Exercising the broad discretion granted, the Court **DENIES** Defendants' Bill of Costs (Doc. 66) and Plaintiff's Bill of Costs (Doc. 68), relegating them to paying their own costs.

**IT IS SO ORDERED.**

**DATED this 1st day of February, 2007.**

s/<u>Michael J. Reagan</u>
**MICHAEL   J.   REAGAN**
**United States District Judge**

7