IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY SCOTT REID, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 05-cv-0679-MJR |
| | ) |
| THOMAS BOYD, | ) |
| KEVIN MCGINNIS and | ) |
| BRIAN STEPHENS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

After a trial in which Plaintiff contended that Defendant police officers used excessive force in arresting him on February 7, 2005, a jury awarded Plaintiff $820 in damages against Thomas Boyd. Boyd was one of five named Defendants in this case, pursued under **42 U.S.C. § 1983**. Plaintiff now seeks to recover $36,037.50 in attorney's fees under **Federal Rule of Civil Procedure 54** and **42 U.S.C. § 1988** from Defendant Boyd, who rigorously objects.

By Order entered February 1, 2007 (Doc. 81), the Court declined to order payment of costs, claimed by each side as "prevailing parties"[1] and so close in amount as to offset each another. For the reasons stated below, the Court declines Plaintiff's counsel's request for fees.

---

[1] Plaintiff was a prevailing party under **FED. R. CIV. P. 54(d)**, because a jury found in his favor, awarding him $820.00 against Defendant Boyd. Defendants McGinnis, Stephens, Fleshren and the City of Mascoutah were prevailing parties under **FED. R. CIV. P. 54(d),** because they either succeeded in obtaining summary judgment (*see* Doc. 36, Order granting summary judgment to City of Mascoutah and Fleshren) or were successful at trial (*see* Doc. 60, jury verdict in favor of McGinnis and Stephens).

### A. Background and Introduction

On September 22, 2005, Jeffrey Reid filed suit in this Court against five Defendants: Thomas Boyd, Kevin McGinnis, Brian Stephens, Bruce Fleshren and the City of Mascoutah, Illinois. Reid alleged that his substantive due process rights under Amendments V and XIV of the U.S. Constitution were violated (Counts I and III), that he was unlawfully seized in violation of Amendment IV of the U.S. Constitution (Counts II and IV) and that he was subjected to cruel and unusual punishment in violation of Amendment VIII of the U.S. Constitution (Counts V and IX). He also stated common law claims for false imprisonment (Count VI), battery (Count VII) and intentional infliction of emotional distress (Count VIII). Officers Boyd, McGinnis, and Stephens were the actual arresting officers. Reid proposed to hold Police Chief Fleshren and the City of Mascoutah vicariously liable for the alleged actions of the arresting officers (Counts III and IV).

On June 12, 2006, Counts II, IV, V, VI and IX were dismissed with prejudice on Defendants' motion. On October 4, 2006, the Court granted Defendants' motion for summary judgment as to the City of Mascoutah and Chief of Police Bruce Fleshren (Count III). Plaintiff voluntarily dismissed Counts VII and VIII on October 26, 2006, leaving Count I as the only viable remaining theory.

The case proceeded to trial on November 27, 2006 on Plaintiff's sole remaining legal theory - excessive force - against Defendants Boyd, McGinnis and Stephens. Two days later, the jury returned a verdict in favor of Plaintiff and against Defendant Boyd in the sum of $820. The jury found *against* Plaintiff and in favor of Defendants McGinnis and Stephens.

The claim Plaintiff prevailed against Boyd on was premised on Boyd's excessive use of force, the details of which are not particularly important at this juncture. Suffice it to say that

Boyd struck Plaintiff in the face with a cell phone and used his baton to strike Plaintiff's legs and buttocks. There was no permanent damage; his complaints of pain and swelling cleared within two weeks and his total medical expenses, from one medical visit, were $820 - the amount the jury awarded him.

Using the lodestar[2] method of calculating fees (reasonable hourly rate multiplied by time reasonably necessary for proper representation) Plaintiff's counsel, who has ". . .considerable experience and expertise in the litigation of Civil Rights cases, including those alleging excessive force by Police Officers" (*see* Doc. 67-1, ¶ 3), requests remuneration for 144.15 hours at the rate of $250.00 per hour. The reasonableness of this hourly rate is supported by an affidavit of another experienced civil rights litigator in this geographical area. Defendant contends that a fee award of $36,037.50 in light of an $820 verdict - that is, fees that are 44 times greater than the damage award - cannot withstand Seventh Circuit muster. Plaintiff counters with a public policy argument that awarding attorney's fees in a §1983 action encourages competent counsel to pursue what would otherwise be a financially unfeasible action.

### B.   Analysis

Section 1988(b) of Title 42 states that in an action to enforce the provisions of § 1981 or § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." The Seventh Circuit has remarked: "[D]istrict courts entertain a 'modest presumption' that prevailing parties are entitled to a reasonable attorneys' fee," but this presumption is rebuttable. ***Bowerman v. Wal-Mart Stores, Inc.,* 226  F.3d 574, 585 (7th Cir.**

---

[2]   *See Hensley v. Eckerhart,* **461 U.S. 424, 433 (1983);** *Dunning v. Simmons Airlines, Inc.,* **62 F.3d 863, 872 (7th Cir. 1995).**

**2000),** *citing Harris Trust & Savings Bank v. Provident Life & Acc. Ins. Co.***, 57 F.3d 608, 617 (7th Cir. 1995).**

There is nothing particularly troubling about the hourly rate Plaintiff's counsel charges. Similarly, the individual line items of time charged and the total time expended do not appear unreasonable. But reasonable rates and time expended do not automatically translate into a fee award for a prevailing plaintiff. While the prevailing party in a federal civil rights case is entitled to an award of attorney's fees, **42 U.S.C. § 1988**, the fees must be reasonable, and the reasonable fee is sometimes zero. *Farrar v. Hobby***, 506 U.S. 103, 115 (1992);** *Briggs v. Marshall***, 93 F.3d 355, 361 (7th Cir. 1996);** *Maul v. Constan***, 23 F.3d 143, 147 (7th Cir. 1994);** *Cartwright v. Stamper***, 7 F.3d 106, 110 (7th Cir. 1993);** *Willis v. City of Chicago***, 999 F.2d 284, 290 (7th Cir. 1993)**.

Once the lodestar is calculated - $36,037.50 by Plaintiff's calculations in the instant case - the Court may adjust the amount up or down to take into account various factors regarding the litigation. These factors include: the time and labor required; the novelty and difficulty of the questions; the skill requisite to perform the legal services properly; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. *Spellan v. Bd. of Educ. for Dist. 111,* **59 F.3d 642, 645 (7th Cir. 1995).** *See also Hensley***, 461 U.S. at 430 n. 3;** *Mathur v. Board of Trustees of Southern Illinois University***, 317 F.3d 738, 742 (7th Cir. 2003)**.

However, when dealing with a situation such as this, where the prevailing party receives only nominal or minimal damages, ***Briggs vs. Marshall*, 93 F. 3d 355, 361 (7th Cir. 1996)**, teaches that applying the three-part test from Justice O'Connor's concurrence in ***Farrar*, 506 U.S. at 120-21**, is appropriate. The three factors are: (1) the difference between the judgment recovered and the recovery sought; (2) the significance of the legal issue on which plaintiff prevailed; and (3) the public purpose of the litigation. Only if these *Farrar* factors weigh in favor of awarding fees does the Court need to consider the lodestar factors.

      (1)      <u>Difference Between Judgment Recovered and Recovery Sought</u>

This is the most significant of the three factors. ***Briggs*, 93 F. 3d at 360.** The Court must determine whether, as in *Farrar*, Plaintiff was aiming high and fell far short, *see also **Pino v. Locascio*, 101 F.3d 235, 238 (2d Cir. 1996); *Romberg v. Nichols*, 48 F.3d 453, 455 (9th Cir. 1995),** in the process inflicting heavy costs on his opponent and wasting the court's time, *or* whether the case was simply a small claim and was tried accordingly. In the former, fees are not awarded or are minimized. In the latter, when the civil rights plaintiff aims small and obtains an amount that is significant in relation to that aim (he need not reach the target), he is prima facie entitled to an award of fees, even if the case sets no precedent. ***Hyde vs. Small*, 123 F. 3d 583 (7th Cir. 1997).**

This factor clearly weighs against awarding fees. Plaintiff undoubtedly aimed high and fell far short. His claims against Chief Fleshren and the City were doomed from the get-go. Plaintiff brought to Court the baggage of being a convicted felon and had pleaded guilty of resisting a police officer based upon the same underlying facts that gave rise to his §1983 claim. His medical bills were minimal, based on a single visit, and he suffered no permanent sequella. He asked the jury for compensatory damages of $5,820.00 and punitive damages of $40,740.00, for a total of

$46,560.00. He recovered only 1.8% of the amount requested - $820.00. As in *Farrar*, he "asked for a bundle and got a pittance." *Farrar***, 506 U.S. at 120, 113 S.Ct. at 578**.

    (2)  <u>Significance of Legal Issue on which Plaintiff Prevailed</u>

This factor, which evaluates the extent to which Plaintiff succeeded on his claims, is the least significant of the three. In the instant case, Plaintiff's complaint sought recovery against four individuals and the City of Mascoutah on various legal theories which, when parsed, total twenty-eight claims. At the end of the day, after motions to dismiss, summary judgment, voluntary dismissal and jury verdicts, the defense prevailed on twenty-seven of the claims, whereas Plaintiff prevailed on one. Plaintiff prevailed against Boyd, while Defendants McGinnis, Stephens, Fleshren and the City of Mascoutah prevailed against Plaintiff. This factor weighs against an award of fees.

    (3)  <u>Public Purpose Served by Plaintiff's Suit</u>

Since all successful §1983 claims necessarily involve a violation of a right, attorney's fees are appropriate after *Farrar* only when a plaintiff's victory entails something more than the conclusion that a constitutional right has been in fringed. *Maul***, 23 F 3d at 146**. That is not to say, however, that there are petty constitutional violations that are per se *unworthy* of redress. As stated in *Hyde***, 123 F. 3d at 585**: ". . . the cumulative effect of petty violations of the Constitution arising out of the interactions between the police (and other public officers) and the citizenry on the values protected by the Constitution may not be petty, and if this is right then the mere fact that a suit does not result in a large award of damages or the breaking of new constitutional ground is not a good ground for refusing to award any attorneys' fees."

While this case presents no new theory of constitutional import, the fact remains that the law should provide an incentive to lawyers to seek legal redress for the use of excessive force

by the police while providing a disincentive for police to act that way. But § 1988 is not "a relief Act for lawyers." *Riverside v. Rivera*, **477 U.S. 561, 588 (1986) (Rehnquist, J., dissenting)**. "Instead, it is a tool that ensures the vindication of important rights, even when large sums of money are not at stake, by making attorney's fees available under a private attorney general theory." *Farrar*, **506 U.S. at 122**.

In the instant case, as in *Farrar*, "one searches these facts in vain for the public purpose this litigation might have served." *Id*. One public purpose might be that a fee award may be an appropriate incentive for competent lawyers to accept civil rights cases they might otherwise decline. But this case, for the reasons discussed above, was infirm at the outset, and an incentive is inappropriate.

What about a fee award as a disincentive for bad police conduct? The Court believes that was supplied by the many months of litigation and the attorney's fees that the defense incurred. Officer Boyd got the message. It would ring no more loudly if attorney's fees were awarded, especially since Plaintiff diluted the value of his case by advancing questionable theories and suing parties who ultimately prevailed. Consequently, this factor favors *not* awarding fees.

### C.  Conclusion

In conclusion, the Court declines to award Plaintiff's counsel attorney's fees. Plaintiff's motion for attorney fees (Doc. 67) is **DENIED**. The case is closed.

**IT IS SO ORDERED.**

**DATED this 8th day of February, 2007**

> s/Michael J. Reagan
> **MICHAEL J. REAGAN**
> **United States District Judge**